FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 FEB 26 AM 10: 13

RICHARD W. PALMER,

CASE NO.:

3:10-cv-175-J-25TEM

Plaintiff,

v.

DEPUTY GEORGE S. GAZDICK, Individually,
and
SHERIFF DAVID B. SHOAR, in his
Official Capacity,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RICHARD W. PALMER sues Defendants DEPUTY GEORGE S. GAZDICK and SHERIFF DAVID B. SHOAR (hereinafter "Defendants"),[1] and alleges the following:

### JURISDICTION

1. This is an action for damages pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for the violation of Plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, as well as a state law claim for battery.

2. Plaintiff RICHARD W. PALMER was at all times material hereto, and continues to be, a resident of St. Johns County, Florida.

3. Defendant SHERIFF DAVID B. SHOAR was at all times material hereto, and continues to be, Sheriff of St. Johns County, located in St. Johns County, Florida, and is believed to reside in St. Johns County, Florida.

---

[1] "Defendant" plus the name of the individual Defendant will be used to refer individually to specific Defendants where appropriate.

1

4. Defendant DEPUTY GEORGE S. GAZDICK was at all times material hereto and continues to be a Deputy employed by the St. Johns County Sheriff's Office (hereinafter "SJSO"), located in St. Johns County, Florida, and is believed to reside in St. Johns County, Florida.

5. Defendant's acts and/or omissions giving rise to Plaintiff's claims occurred in St. Johns County, Florida, within the boundaries of the Middle District of Florida, Jacksonville Division; therefore venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b)(2).

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 as Plaintiff's claims involve a question of Federal Constitutional law, and 28 U.S.C. §1343(a)(3) as Plaintiff's claims are directed toward redressing the deprivation, under color of state law, statute, ordinance, regulation, custom or usage a right, privilege or immunity secured by the Constitution of the United States.

## PARTIES

7. Defendant SHOAR is sued in his official capacity as Sheriff of St. Johns County, Florida.

8. Defendant GAZDICK is sued in his individual capacity.

9. Defendant SHOAR was, at all times material to this complaint, Sheriff of St. Johns County, Florida, and therefore had the final authority for policy and training decisions regarding the policies and procedures by which the St. Johns County Sheriff's Office was operated and any and all training required of or provided to its employees.

10. At the time of the alleged incident, and at all times material hereto, the above Defendants acted under color of state law.

11. At all times material hereto, Defendant GAZDICK was acting in compliance with the policies, customs, practices or usage of the SJSO, and in particular in keeping with a pattern and

2

practice of the use of excessive force against criminal suspects, which has been tolerated by the SJSO and Defendant SHOAR.

12. At all times material hereto, Defendant GAZDICK was working under the supervisory control of Defendant SHOAR in his capacity as Sheriff of St. Johns County, Florida.

## FACTS

13. On or about November 20, 2007, Plaintiff was detained by Saint Augustine Police Department Officers Corporal Jerry Whitehead and Officer Jeff Truncellito. Plaintiff identified himself, was thoroughly searched by the Saint Augustine Police Department officers, placed unhandcuffed into the rear seat of a patrol vehicle, and told to remain. At all times material hereto, Plaintiff was not placed under arrest, and was therefore free to terminate the encounter with law enforcement and leave the area.

14. Plaintiff subsequently exited the patrol vehicle and left the area.

15. On or about November 20, 2007, Defendant GAZDICK received a call from the St. Johns County Sheriff's Office dispatch unit in reference to Plaintiff leaving the above-mentioned area. Defendant GAZDICK responded to the call, and arrived at Riberia Street and Bridge Street in St. Augustine, Florida.

16. At the time of his arrival, Defendant GAZDICK was advised by Saint Augustine Police Department Corporal Jerry Whitehead the Plaintiff was last seen running between houses in the area. No weapons were recovered from the location where Defendant GAZDICK subdued Plaintiff, nor was a weapon recovered from any place between the initial encounter and the location where Defendant GAZDICK subdued Plaintiff.

17. Defendant GAZDICK and his K-9 unit, "Aron," followed the sounds of Plaintiff leaving the area. At all times material hereto, Plaintiff was under no duty to stop, return to the area, or speak with any of the law enforcement officers.

18. As Plaintiff was leaving the area, Defendant GAZDICK instructed his K-9 officer "Aron" to attack and subdue Plaintiff. Defendant GAZDICK did not warn Plaintiff he was releasing the K-9 "Aron."

19. K-9 "Aron" attacked Plaintiff, viciously biting and chewing Plaintiff's hand. Plaintiff attempted to defend and protect himself by removing K-9 "Aron," but was unsuccessful. Plaintiff suffered significant puncture wounds, bruising, and pain.

20. Upon seeing Plaintiff struggle with K-9 "Aron," Defendant GAZDICK repeatedly struck Plaintiff in the head, face, and arms with a heavy metal flashlight, causing cuts, significant bruising, swelling, and scarring. At the time Defendant GAZDICK struck Plaintiff with the metal flashlight, he knew such use of the flashlight was likely to cause Plaintiff serious injury or death.

21. At no time during Plaintiff's encounter with law enforcement officers on November 20, 2007, was Plaintiff placed under arrest or otherwise lawfully detained, such that he was not free to terminate the encounter with law enforcement at any time. Further, at no time was Plaintiff violent, aggressive, threatening, or combative toward any law enforcement officer, including Defendant GAZDICK. Plaintiff never forcefully refused to comply with Defendant GAZDICK's instructions.

22. Plaintiff was arrested for Injuring or Killing Police, Fire, SAR Dog or Police Horse, and Assault on a Law Enforcement Officer. The Seventh Circuit Office of the State Attorney declined to file an information on the charge of Injuring or Killing Police, Fire, SAR Dog or Police Horse.

A copy of the State Attorney's *Announcement of No Information and Request to Transfer to County Court* is attached hereto and incorporated by reference as "Exhibit A."

23. The Seventh Circuit Office of the State Attorney filed an information for Assault on a Law Enforcement Officer. A copy of the State Attorney's *Information* is attached hereto and incorporated by reference as "Exhibit B."

24. Subsequent to such filing, Plaintiff moved to dismiss the charge, and the State's Attorney's Office filed announced a *nolle presequi* on October 8, 2008. A copy of the State Attorney's *Nolle Prosequi* document is attached hereto and incorporated by reference as "Exhibit C."

25. Plaintiff provided his *Notice of Claim* via certified mail, return receipt, pursuant to §768.28, Fla. Stat., to all required entities on March 9, 2009. A copy of Plaintiff's *Notice of Claim* is attached hereto and incorporated by reference as "Exhibit D." Plaintiff received no response from any entity to which the Notice of Claim was provided within the statutory six (6) month period.

26. All conditions precedent to filing the instant action have been met or waived.

## COUNT I- DEPRIVATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS AS TO DEFENDANT GAZDICK

27. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs one (1) through twenty six (26), above, as if set forth fully herein.

28. Plaintiff is guaranteed the right to be free from unreasonable searches and seizures pursuant to the Fourth Amendment to the United States Constitution, as applied to the various States pursuant to the Fourteenth Amendment to the United States Constitution.

29. Defendant GAZDICK used excessive force against Plaintiff when deploying the K-9 unit "Aron" with the specific instruction and intent to attack Plaintiff, thereby constituting an unreasonable seizure of Plaintiff under the Fourth Amendment to the United States Constitution.

30. The actions and/or inactions of Defendant GAZDICK, listed above, were undertaken with Defendant GAZDICK's willful, wanton, callous and knowing disregard of the Plaintiff's clearly established right to be free from unreasonable searches and seizures.

31. As a direct and/or proximate result of Defendant GAZDICK's unlawful seizure, Plaintiff suffered damages, including but not limited to severe pain and suffering, physical injury, permanent scarring, mental anguish, emotional distress, and economic damages.

**WHEREFORE**, as to Defendant GAZDICK, Plaintiff demands:

a) An award of actual and compensatory damages pursuant to 42 U.S.C. § 1983, for Defendant GAZDICK's deprivation of Plaintiff's right to be free from unreasonable search and seizure;

b) An award of attorney's fees and costs pursuant to 42 U.S.C.A. § 1988; and

c) Any and all other such relief this court may deem just and proper.

## COUNT II- WILLFUL FAILURE TO SUPERVISE, TRAIN, AND/OR CONTROL AS TO DEFENDANT SHERIFF DAVID B. SHOAR

32. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs One (1) through Thirty One (31), as if set forth fully herein.

33. Defendant SHOAR, in his official capacity as Sheriff of St. Johns County, Florida, and his agents and employees, acting within their authority and under color of State law, instituted and followed customs, practices, policies, and procedures which were the moving force and proximate cause of the deprivation of Plaintiff's right to be free from unreasonable searches and seizures,

actionable pursuant to 42 U.S.C. § 1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, by failing to discipline his officers for their actions and inactions, Defendant SHOAR has ratified his officers' decisions and reasons for such decisions, thereby creating a practice, custom, policy, or procedure of allowing the use of excessive force against suspects and violating such individuals' right to be free from unreasonable searches and seizures.

34. In the alternative, or in addition, Defendant SHOAR, his agents and employees, acting within their authority under color of State law, willfully failed to adequately train and/or supervise and/or control his agents and/or employees regarding lawful use of force, including deadly force, despite a clearly obvious and apparent need for such training based on prior instances of unreasonable and illegal use of excessive force, evidencing a deliberate indifference to the Constitutional rights of Plaintiff.

35. In the alternative, or in addition, Defendant SHOAR, his agents and employees, acting within their authority under color of State law, willfully failed to adequately train K-9 unit "Aron," prior to his deployment against Plaintiff, as Defendant SHOAR knew and ignored the K-9 unit's repeated instances of aggressive and non-compliant behavior during training.

36. As a direct and/or proximate result of Defendant SHOAR's actions and/or inaction, Plaintiff suffered damages, including but not limited to severe pain and suffering, physical injury, permanent scarring, mental anguish, emotional distress, and economic damages.

**WHEREFORE**, as to Defendant SHOAR, in his official capacity, Plaintiff demands:

a) An award of actual and compensatory damages pursuant to 42 U.S.C. § 1983;

b) An award of attorney's fees and costs pursuant to 42 U.S.C.A. § 1988; and

c) Any and all other such relief this court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, RICHARD PALMER, demands a trial by jury on all issues so triable as a matter of right by a jury.

Dated February 24, 2010.

                                          THE SCHWARTZ LAW GROUP, P.A

                                          _____
                                          Seth Schwartz, Esquire
                                          Florida Bar. No.: 739421
                                          Caleb D. Rowland, Esquire
                                          Florida Bar No.: 49936
                                          10365 Hood Road, Suite 105
                                          Jacksonville, FL 32257
                                          (904) 292-0222
                                          (904) 292-0044 fax
                                          Attorneys for the Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST JOHNS COUNTY, FLORIDA

STATE OF FLORIDA

VS.                                               CASE NUMBER: CF07-02264
                                                  CLERKS NUMBER:
RICHARD WILLIAM PALMER
_____/
A DEFENDANT

## ANNOUNCEMENT OF NO INFORMATION AND REQUEST TO TRANSFER TO COUNTY COURT

The State of Florida, by and through its undersigned Assistant State Attorney, finds that the facts in this case support a transfer to County Court, and therefore announces and files an Announcement of No Information and Request to Transfer to County Court, with respect to the following charge(s):

1) INJURING OR KILLING POLICE, FIRE OR SAR DOG OR POLICE HORSE 843.19 2 (3 F) (no Tfo)
2) ASSAULT ON A POLICE OFFICER 784.07 2a (1 M) (Transfer)

Dated this 11th day of February, 2008, A.D., at St. Augustine, Florida.

                                    _____
                                    BENNETT R FORD, JR
                                    ASSISTANT STATE ATTORNEY
                                    BAR NUMBER: 192079

PHYSICAL EVIDENCE: ST JOHNS COUNTY SHERIFFS OFFICE, SJSO07OFF020451

_____ IS NO LONGER NEEDED FOR COURT AND MAY BE DISPOSED OF ACCORDING TO LAW.

__X__ HOLD FOR FURTHER COURT PROCEEDINGS AND/OR INSTRUCTIONS.

COPIES TO:
_____ SJSO BOOKING CLERK
_____ SJSO WARRANTS
_____ ORIGINATING AGENCY RECORDS DIVISION
_____ DEFENSE ATTORNEY: _____
_____ VICTIM: _____

DEFENDANT IN CUSTODY: CALL TO: _____ DATE/TIME: _____

Exhibit A

CLASSIFICATION: MISDEMEANOR

STATE OF FLORIDA

VS.

RICHARD WILLIAM PALMER
W/M;                 SS#     5752

IN THE COUNTY COURT OF THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR ST. JOHNS COUNTY, FLORIDA, IN THE YEAR TWO THOUSAND EIGHT

CASE NO: CF07-02264
AGENCY: SJSO/07OFF020451

## INFORMATION

CHARGE(S):
I) ASSAULT ON A POLICE OFFICER

JOHN TANNER, State Attorney for the Seventh Judicial Circuit of the State of Florida and as such prosecuting attorney for this Court, in the name of and by the authority of the State of Florida charges that:

COUNT I: IN THAT RICHARD WILLIAM PALMER on or about November 20, 2007, in the County of ST. JOHNS and State of Florida, did intentionally, unlawfully and knowingly threaten by word or act to do violence to the person of, a law enforcement officer who was engaged in the lawful performance of a duty, coupled with an apparent ability to do so, and did kick at Deputy G. GAZDICK, which created a well-founded fear in Deputy G. GAZDICK that such violence was imminent, contrary to Florida Statutes 784.011 and 784.07(2)(a). (1 DEG MISD)

FOR THE STATE ATTORNEY

_____
BENNETT R FORD, JR
ASSISTANT STATE ATTORNEY
SEVENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA
BAR NUMBER: 192079

COUNTY OF ST. JOHNS

STATE OF FLORIDA

Personally appeared before me BENNETT R FORD, JR, Assistant State Attorney, for the Seventh Judicial Circuit of the State of Florida, known to me to be the foregoing prosecuting officer, who being duly sworn, says that the allegations set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged. Subscribed in good faith. Said facts based on testimony of material witnesses.

SWORN to and subscribed before me this 11TH day of February, 2008.

Submitted to the Clerk of the COUNTY Court, Seventh Judicial Circuit, in and For ST. JOHNS County, Florida, on the 11TH day of February, 2008.

_____
NOTARY PUBLIC AT LARGE
STATE OF FLORIDA

REBECCA P. GRIFFIS
Commission DD 649138
Expires April 29, 2011

Exhibit B

IN THE COUNTY COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

STATE OF FLORIDA

VS.

RICHARD WILLIAM PALMER

CASE NO. MM08-00336

## NOLLE PROSEQUI

The State of Florida, by and through the undersigned Assistant State Attorney, announces and hereby files this, its NOLLE PROSEQUI with respect to the above-styled case now pending in this Court; and by said action, the following charge(s) are dismissed:

**ASSAULT ON A POLICE OFFICER**

Dated this __8__ day of October, 2008, at ST AUGUSTINE, ST. JOHNS County, Florida.

POLICE DEPARTMENT NO. ST JOHNS COUNTY SHERIFFS OFFICE/SJSO07OFF020451

MELISSA SARRIS KAUTU
ASSISTANT STATE ATTORNEY
FLORIDA BAR NO. 0037104

PHYSICAL EVIDENCE:

__X__ IS NO LONGER NEEDED FOR COURT AND MAY BE DISPOSED OF ACCORDING TO LAW.

_____ HOLD FOR FURTHER COURT PROCEEDINGS AND/OR INSTRUCTIONS.

Exhibit C                              22    08000336mm



Seth A. Schwartz

# The Schwartz LAW GROUP
### Attorneys and Counselors at Law

Caleb D. Rowland
M. Shane Mooney

10365 Hood Road, South
Suite 105
Jacksonville, Florida 32257

Tel: 904.292.0222
Fax: 904.292.0044

**March 9, 2009**

**Chief Loran Lueders**
**Saint Augustine Police Department**
**151 King Street**
**Saint Augustine, Florida 32084**

**Sheriff David B. Shoar**
**St. John's County Sheriff's Office**
**4015 Lewis Speedway**
**St. Augustine, Florida 32084**

**State of Florida**
**Department of Financial Services**
**200 East Gaines Street**
**Tallahassee, FL 32399**

via Registered Mail/RR #:  7008 0150 0002 0083 5377
                          7008 1050 0002 0083 5384
                          7008 1050 0002 0083 5391

Re:   *Notice of Claim Pursuant to § 768.28, Fla. Stat.*

To Whom It May Concern:

This firm represents the interests of Mr. Richard Palmer. You are hereby notified of Mr. Palmer's intent to file an action for money damages against the Saint Augustine Police Department and the St. John's County Sheriff's Office, under the Florida Tort Claims Act, § 768.28, Fla. Stat., as well as 42 U.S.C. § 1983. All communications and notices should be directed to this office at the address listed above.

Mr. Palmer's claims arise from the actions of several St. Augustine Police Department officers and St. Johns Sheriff's Office deputies on November 20, 2007. Mr. Palmer was initially detained by Saint Augustine Police Department officers Jerry Whitehead and Jeff Truncellito, who placed Mr. Palmer in the rear compartment of Detective Whitehead's vehicle. Mr. Palmer was not under arrest at the time, nor was he handcuffed or otherwise restrained. He proceeded to exit the vehicle and leave the area. At that time, the Saint Augustine officers called for a canine unit from St. John's County Sheriff's Department. Once the canine unit arrived, Deputy G.S.

Exhibit D

Gazdick released the canine. Upon its discovery of Mr. Palmer, the canine viciously attacked Mr. Palmer, causing severe physical, mental, and emotional damage, including severe trauma to Mr. Palmer's head, requiring over 30 staples. Additionally, Deputy Gazdick attacked Mr. Palmer with his flashlight, once Mr. Palmer was subdued by the canine unit, adding to Mr. Palmer's already horrific injuries. Mr. Palmer intends to seek the maximum damages available under Florida and Federal law for his injuries.

Pursuant to § 768.28(6)(a) and (c), Fla. Stat., Mr. Palmer submits the following information:

- [redacted]

- Place of Birth: North Tarrytown, New York

- Social Security Number: [redacted]-5752

- Prior adjudicated penalties, fines, fees, victim restitution, and other judgments in excess of two hundred dollars ($200.00):

*State of Florida v. Richard Palmer*
St. Johns County Court, Case No.: 08-MM-0728
- $45.00- Probation Supervision Fee
- $183.00- Court Costs
- $183.00- Court Costs
- $50.00- Cost of Prosecution
- $50.00- Cost of Prosecution
- $15.00- Drug/Alcohol Abuse Assessment
- $15.00- Drug/Alcohol Abuse Assessment

*State of Florida v. Richard Palmer*
St. Johns County Court, Case No.: 07-MM-4117
- $183.00- Court Costs
- $50.00- Cost of Prosecution

*State of Florida v. Richard Palmer*
St. Johns County Court, Case No.: 07-MM-3931
- $45.00- Probation Supervision Fee
- $183.00- Court Costs
- $50.00- Cost of Prosecution
- $53.00- Restitution

*State of Florida v. Richard Palmer*
St. Johns County Court, Case No.: 07-MM-3931
- $45.00- Probation Supervision Fee
- $183.00- Court Costs
- $50.00- Cost of Prosecution
- $500.00- Restitution

Mr. Palmer has no other known adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of two hundred dollars ($200.00).

Should you have any questions or comments, please do not hesitate to contact me at (904) 292-0222.

Sincerely,

Caleb D. Rowland

cc:  Richard W. Palmer
CDR/lw